IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:16-CV-00373-BR

| | |
|---|---|
| EUGENE SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| ISLAMIC REPUBLIC OF IRAN, ) | |
| ) | |
| ) | |
| Defendant. ) | |

This matter is before the court regarding the proof of service filed by Plaintiff. [DE-4]. For the reasons stated below, it is recommended that Plaintiff's complaint be dismissed for failure to effect service pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

On November 9, 2016, Plaintiff filed a complaint against the Islamic Republic of Iran. [DE-1]. On November 23, 2016, Plaintiff filed proof of service consisting of a certified mail return receipt addressed to Interest Section of the Islamic Republic of Iran, 1250 23rd St. NW #200, Washington, DC 20037. [DE-4]. There is a date stamp on the signature line of the return receipt indicating it was received on November 16, 2016. *Id.* Defendant has not answered or otherwise made an appearance in the case.

On March 13, 2017, the court issued an order notifying Plaintiff of the following deficiencies in the proof of service: (1) a return receipt card is not sufficient to prove service under Rule 4(l)(1); (2) "[a] foreign state . . . must be served in accordance with 28 U.S.C. §1608" pursuant to Rule 4(j)(1); and (3) only a non-party may serve the summons, and plaintiff may not circumvent this requirement by serving Defendant by mail. Mar. 13, 2017 Order [DE-5]. The court ordered Plaintiff

to, by no later than April 13, 2017, "file an affidavit from the server by which the court can ascertain whether service has been effected in conformity with Rule 4 and 28 U.S.C. § 1608" and cautioned Plaintiff that "[f]ailure to properly serve Defendant may result in dismissal pursuant to Rule 4(m)." *Id.* On April 11, 2017, Plaintiff filed a motion for summary judgment. [DE-6].

Under Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court —on motion or on its own after notice to the plaintiff— must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Plaintiff's complaint was filed on November 9, 2016, and the 90-day service period ran on February 7, 2017. Notwithstanding, the court thereafter notified Plaintiff of his failure to prove proper service and allowed Plaintiff until April 13, 2017 to demonstrate that service had been properly effected. *See* Mar. 13, 2017 Order [DE-5]; *see also Lee v. City of Fayetteville*, No. 5:15-CV-638-FL, 2016 WL 1266597, at *4 (E.D.N.C. Mar. 30, 2016) (unpublished) ("Rule 4(m) vests in the court the power to extend time on its own, even where the plaintiff cannot show good cause."). Plaintiff subsequently filed a motion for summary judgment that failed to address the service issue raised in the court's March 13, 2017 order, and Plaintiff has not otherwise responded to the court's order. Accordingly, Plaintiff having failed to prove Defendant was properly served within the 90-day time limit provided in Rule 4(m) or the extended time allowed by the court, it is recommended that the complaint be dismissed without prejudice.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on Plaintiff. You shall have until **May 25, 2017** to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which

2

objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If you do not file written objections to the Memorandum and Recommendation by the foregoing deadline, you will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, your failure to file written objections by the foregoing deadline will bar you from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, **766 F.2d 841, 846-47 (4th Cir. 1985).**

SUBMITTED, this the 11 day of May 2017.

Robert B. Jones, Jr.
United States Magistrate Judge

3